IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSHUA CHAMPION, | : | |
| | : | Case No. 2:21-cv-10814 |
|     *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| THE CREDIT PROS | : | |
| INTERNATIONAL CORPORATION, | : | May 6, 2021 |
| a New Jersey corporation, and **JASON** | : | |
| **KAPLAN** | : | |
|     *Defendants*. | : | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Joshua Champion brings this Complaint and Demand for Jury Trial against Defendants The Credit Pros International Corporation ("Defendant Credit Pros") and Jason Kaplan ("Defendant Kaplan") (collectively, "Defendants") to stop Defendants from violating the Telephone Consumer Protection Act ("TCPA") by sending unsolicited, autodialed text messages to consumers, including consumers whose phone numbers are registered on the National Do Not Call registry, and to otherwise obtain injunctive and monetary relief. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA which is a federal statute.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a significant portion of the facts giving rise to this lawsuit occurred in this District.

## PARTIES

3. Champion is an individual and is a resident of Washington, D.C.

4. Defendant Credit Pros is a New Jersey corporation headquartered in Newark, New Jersey. Defendant Credit Pros conducts business nationwide, including in this District.

5. Defendant Jason Kaplan ("Defendant Kaplan") is the President of Defendant Credit Pros. Defendant Kaplan resides in New Jersey.

## FACTUAL ALLEGATIONS

6. Defendant Credit Pros is a New Jersey corporation that markets itself as a credit repair company, run by Defendant Kaplan. Credit Pros also connects strategic partners to assist them in monetizing their clients and traffic: mortgage bankers, realtors, home service call centers, performance marketers, affiliate networks, auto dealerships, network marketing companies, business lenders, mca lenders and crowdfunding platforms.

7. Defendant Credit Pros engages in telemarketing.

8. Defendant Credit Pros advertises its credit repair solutions to consumers through telemarketing.

9. To generate and monetize leads for clients, Defendant Credit Pros engages in unsolicited telemarketing, including sending unsolicited marketing text messages.

10. Defendant Credit Pros has been sued multiple times for violations of the TCPA.

11. Defendant Kaplan knows that Defendant Credit Pros' telemarketing is in violation of the TCPA, yet continues to provide and/or approve the content of all marketing materials and text messages sent by Defendant Credit Pros or on its behalf.

12. Defendant Credit Pros does not obtain prior express written consent to send autodialed text messages before sending autodialed text messages to consumers.

13. Defendant Credit Pros sends telemarketing text messages to consumers who are registered on the National Do Not Call Registry ("DNCR").

14. Champion is the residential subscriber of the cellular telephone number XXX-XXX-0336. Champion registered this number on the DNCR.

15. Defendant Credit Pros and/or Defendant Kaplan knowingly and willfully sent text messages to Champion at least 56 times without obtaining his prior express written consent. Champion received more than one of these text messages within the past 12 months while Champion was on the DNCR.

16. As an example, Defendant Credit Pros sent the following text message to Champion—which upon information and belief Defendant Kaplan approved—from 304-996-6238 on January 5, 2021 at 6:10PM UTC:

> Adam begin 2 0 2 1 with a credit improvement journey 3044037938 chat with our team now

17. The telephone number in each message sent to Champion reached Defendant Credit Pros.

18. Champion has never gone by the name "Adam."

19. Champion has never gone by the name "Adam Louati."

20. Champion does not, and has never, lived at 3335 Willow Crescent Dr. Apt. T3, Fairfax, VA 22030.

21. Champion's IP address is not 98.202.108.60.

22. The IP address 98.202.108.60 is registered to a Comcast customer in Utah.

23. Champion does not, and has never, lived in Utah.

24. Champion was not in Utah on May 4, 2020.

25. Champion never provided consent to receive telemarketing calls from Defendant Credit Pros and/or Defendant Kaplan and the calls were not for an emergency purpose.

26. These calls advertised the commercial availability of financial services and encouraged the purchase of those services.

27. The calls were made using an Automatic Telephone Dialing System ("ATDS"). This is based on the facts that:

   a)   the text messages were directed to the wrong person;

    b)    the text messages were sent from **56** different telephone numbers to avoid the numbers being blocked and to make it impossible for Mr. Champion to block the messages;

    c)    substantively identical text messages were sent to Champion multiple times;

    d)    multiple people have reported getting unsolicited calls from Credit Pros;

    e)    Defendant Credit Pros uses ATDS hardware or software to send text messages. The hardware and/or software has the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator, and/or to send text messages to numbers from pre-loaded lists;

    f)    Defendant Credit Pros uses the autodialing system Five9. Five9 provides users with predictive autodialer feature that features automated dialing services and a predictive mathematical algorithm to increase agent efficiency.

    g)    Defendant Credit Pros has been sued numerous times for sending telemarketing messages using an ATDS; and

    h)    Numerous consumers have posted online complaints regarding receiving unwanted text messages from Defendant Credit Pros.

28.    The text messages did not provide the name of the individual caller.

29.    The text messages did not provide the name of the person or entity on whose behalf the call was being made, if any.

30.    Defendant Kaplan is the President of Defendant Credit Pros, and personally runs, authorizes, and oversees the telephone marketing. This is based on the facts that:

    a)    Defendant Kaplan is the face of Defendant Credit Pros marketing;

    b)    In at least one marketing video, Defendant Kaplan tells potential clients "Instead of taking money from you, all I want is your contacts."—offering

        people free services if they give contact information for three (3) people. Upon information and belief, Defendant Credit Pros, with approval from Defendant Kaplan, sends unsolicited telemarketing calls to those contacts.

c)      Defendant Kaplan acts as Defendant Credit Pros Chief Compliance Officer. Upon information and belief, in this role, he reviews and approves all marketing by Defendant Credit Pros;

d)      Defendant Kaplan is specifically responsible for all Defendant Credit Pros compliance with state and federal laws; and

e)      Defendant Kaplan failed to ensure marketing efforts by Defendant Credit Pros complied with the TCPA despite receiving multiple lawsuits against Defendant Credit Pros alleging non-compliance.

31.     Defendants' calls caused Plaintiffs actual harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendants' calls also inconvenienced Plaintiffs and caused disruption to their daily life.

## LEGAL STANDARD

32.     The TCPA provides that no person or entity shall make a call "using an automatic telephone dialing system or an artificial or prerecorded voice… [t]o any… cellular telephone" unless the call is "made for emergency purposes or made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii); see also 47 C.F.R. § 64.1200(a)(1).

33.     If the call "introduces an advertisement or constitutes telemarketing" then "prior express _written_ consent" is required. 47 C.F.R. § 64.1200(a)(2) (emphasis added).

34.     Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the national Do Not Call Registry.

35.     The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2).

36. The TCPA also prohibits callers from telemarketing to a residential telephone subscriber without disclosing the caller's identity and without instituting procedures for maintaining an Internal Do Not Call List. 47 C.F.R. § 64.1200(d).

37. Both phone calls and text messages qualify as a "call" under the TCPA. *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016).

38. Under the TCPA, an individual may be personally liable pursuant to 47 U.S.C. § 217, which provides that the "act, omission, or failure… of any officer… acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure… of such carrier or user as well as of that person." 47 U.S.C. § 217.

39. Courts have consistently held that an officer or employee can be held liable for TCPA violations when personally involved in making or authorizing the calls. *See e.g.*, *City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, (3d Cir. 2018); *Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013).

**FIRST CAUSE OF ACTION:**
**Violations of 47 U.S.C. § 227(b)**

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Defendants' use of an ATDS to contact Plaintiff constitutes a violation of 47 U.S.C. § 227(b).

42. As a result of Defendants' negligent violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b), the court may award up to $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## Violations of 47 U.S.C. § 227(c)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Pursuant to 47 C.F.R. § 64.1200(c), Defendants' contact of Plaintiff's residential cell phone whose number appears on the National Do Not Call Registry constitutes a violation of 47 U.S.C. § 227(c).

47. Alternatively, pursuant to 47 C.F.R. § 64.1200(d), Defendants' contact of Plaintiff's residential cell phone without instituting and following the requisite procedures for telemarketing constitutes a separate violation of 47 U.S.C. § 227(c).

48. As a result of Defendants' negligent violations of 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

49. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(c), the court may award up to $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B) and 47 U.S.C. § 227(c)(5)(C).

50. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## RELIEF REQUESTED

51. Plaintiff respectfully request the Court grant Plaintiff the following relief against Defendants:

52. Champion seeks an amount to be determined at trial that is not less than $84,000.00 as a result of at least 56 violations of 47 U.S.C. § 227(b).

53. Champion also seeks an amount to be determined at trial that is not less than $84,000.00 as a result of at least 56 violations of 47 U.S.C. § 227(c).

54. Plaintiff seeks costs pursuant to 28 U.S.C. § 1920.

55. Plaintiff seeks judgment interest pursuant to 28 U.S.C. § 1961.

56. Plaintiff seeks injunctive relief prohibiting such conduct in the future.

57. Plaintiff seeks any other relief the Court may deem just and proper.


Michael T. Madaio, Esq.
**HABBA MADAIO & ASSOCIATES LLP**
N.J. Bar Number 070752013
1430 US Highway 206, Suite 240
Bedminster, NJ 07921
(908) 869-11880
mmadaio@habbalaw.com