# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JOSHUA CHAMPION**, | : | |
| | : | Case No. 2:21-cv-10814-CCC-JBC |
| *Plaintiff*, | : | |
| | : | |
| v. | : | Motion Date: August 16, 2021 |
| | : | |
| **THE CREDIT PROS** | : | |
| **INTERNATIONAL CORPORATION**, | : | |
| et. al, | : | |
| *Defendants*. | : | |

## BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' <u>MOTION DISMISS [D.E. 6]</u>

Michael T. Madaio, Esq.
**HABBA MADAIO & ASSOCIATES LLP**
N.J. Bar Number 070752013
1430 US Highway 206, Suite 240
Bedminster, NJ 07921
(908) 869-1180
mmadaio@habbalaw.com

*Counsel for Plaintiff Joshua Champion*

Dated August 2, 2021

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ...............................................................................................................1

FACTUAL BACKGROUND ..............................................................................................1

ARGUMENT .......................................................................................................................3

    I.    Standard of Review ................................................................................................3

    II.    Plaintiff Sufficiently Pled Use of an ATDS ..........................................................4

    III.    Plaintiff Sufficiently Alleges Claims Against Mr. Kaplan ...................................8

    IV.    Plaintiff Sufficiently Pled that Defendants' Actions were Willful and Knowing ............9

    V.    Plaintiff Properly Pleads a Request for Injunctive Relief ...................................11

CONCLUSION ..................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)............................................................6

*Atkinson v. Pro Custom Solar LCC*,
  No. SA-21-CV-178-OLG, 2021 WL 2669558 (W.D. Tex. June 16, 2021) ...........................7, 9

*Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*,
  No. CIV. 11-00011, 2012 WL 4903269 (D.N.J. Oct. 17, 2012) ..............................................14

*Broadcom Corp. v. Qualcomm Inc.,*
  501 F.3d 297 (3d Cir. 2007) .......................................................................................................6

*City Select Auto Sales Inc. v. David Randall Assocs., Inc.*,
  885 F.3d 154 (3d Cir. 2018) .....................................................................................................11

*Constructors Ass'n of W. Pa. v. Kreps*,
  573 F.2d 811 (3d Cir. 1978) .....................................................................................................15

*Dobkin v. Enter. Fin. Grp., Inc.,*
  No. 2:14-CV-01989 WHW, 2014 WL 4354070 (D.N.J. Sept. 3, 2014) ....................................7

*Facebook, Inc, v. Duguid,*
  141 S.Ct.1163 (2021)..................................................................................................................8

*Gager v. Dell Fin. Servs., LLC*,
  727 F.3d 265 (3d Cir. 2013) .......................................................................................................6

*Gross v. Gg Homes*,
  No. 3:21-cv-00271-DMS-BGS, 2021 U.S. Dist. LEXIS 127596 (S.D. Cal.  July 8, 2021)........8

*Hancock v. Credit Pros Int'l Corp.*,
  No. 2:20-cv-02826-SRC-CLW, 2021 WL 2948154 (D.N.J. July 13, 2021) ............................10

*Miles v Medicredit, Inc*,
   No. 4:20-cv-01186-JAR, 2021 WL 2949565 (E.D. Mo. July 14, 2021) ..................................... 9

*Montanez v. Future Vision Brain Bank, LLC*,
   No. 20-cv-02959-CMA-MEH, 2021 WL 1697928 (D. Colo. Apr. 29, 2021) ............................ 8

*Norman v. Sito Mobile Sols.*,
   No. 17-2215, 2017 WL 1330199 (D.N.J. Apr. 6, 2017) ............................................................. 8

*Sieleman v. Freedom Mortg. Corp.*,
   No. CV 17-13110 (JBS/JS), 2018 WL 3656159 (D.N.J. Aug. 2, 2018) .................................. 10

*Somogyi v. Freedom Mortg. Corp.*,
No. CV 17-6546 (JBS/JS), 2018 WL 3656158 (D.N.J. Aug. 2, 2018) ......................................... 10

*Trumper v. G.E. Capital Retail Bank,*
79 F. Supp. 3d 511 (D.N.J. 2014) ............................................................................................... 10

*Zemel v. CSC Holdings LLC*,
   No. CV 18-2340-BRM-DEA, 2018 WL 6242484 (D.N.J. Nov. 29, 2018) ................................ 7

**Statutes**

47 U.S.C. § 227 .............................................................................................................................. 14

47 U.S.C. § 227(b)(3) .................................................................................................................... 13

47 U.S.C. § 227(c)(5) .................................................................................................................... 13

# INTRODUCTION

Plaintiff Joshua Champion ("Plaintiff" or "Mr. Champion") hereby objects to the motion to dismiss filed by defendants The Credit Pros International Corporation ("Credit Pros") and Jason Kaplan ("Mr. Kaplan") (collectively, "Defendants"). The Defendants' motion to dismiss fails for multiple reasons. First, Plaintiff sufficiently plead that Defendants sent him unsolicited, telemarketing text messages using an automatic telephone dialing system ("ATDS") in violation of the Telephone Consumer Protection Act ("TCPA"). Second, Plaintiff sufficiently alleges that Mr. Kaplan was intimately involved in sending the offending text messages. Specifically, Plaintiff alleges that Mr. Kaplan approves and directs text message campaigns for Credit Pros. Third, Plaintiff sufficiently pled facts showing that Credit Pros acted willfully and knowingly. Specifically, Plaintiff alleges that Credit Pros has been sued on multiple occasions for its prolific violations of the TCPA, but failed to stop sending illegal text messages. Finally, Defendants appear to confuse a preliminary injunction with injunctive relief. As such, their arguments regarding injunctive relief are invalid. Nonetheless, injunctive relief is permitted by the TCPA and, therefore, is properly pled. For all these reasons, Plaintiff respectfully requests this Court deny Defendants' motion to dismiss.[1]

# FACTUAL BACKGROUND

Plaintiff is the residential subscriber of the cellular telephone number XXX-XXX-0336. D.E. 1, ¶ 14. Plaintiff's telephone number is registered on the national Do Not Call Registry ("DNCR"). *Id.* Credit Pros, a credit repair company, and/or Defendant Kaplan sent Plaintiff at

---

[1] Notably, Defendants' motion to dismiss does not address Plaintiff's claims in Count II for violations of 47 U.S.C. § 227(c).

least 56 telemarketing text messages using an automatic telephone dialing system ("ATDS"). D.E. 1, ¶¶ 6, 27.

Plaintiff's allegation that Defendants' used an ATDS to send the offending text messages is supported by multiple factual allegations, including that: (1) the text messages were sent to the wrong person; (2) the text messages were sent from **56** different telephone numbers to avoid the numbers being blocked and to make it impossible for Plaintiff to block the messages; (3) substantively identical messages were sent to Plaintiff multiple times; (4) multiple people have reported getting unsolicited calls from Credit Pros; (5) Credit Pros uses ATDS hardware and/or software that has the capacity to store or produce cellular telephone numbers to be called using a random or sequential number generator, and/or to send text messages to numbers from pre-loaded lists; (6) Credit Pros uses the autodialing system Five9 which provides users with automated dialing services; (7) Credit Pros has been sued numerous times for sending telemarketing messages using an ATDS; and (8) numerous consumers have posted online complaints regarding receiving unwanted text messages from Credit Pros. *Id.* at ¶ 27.

"Defendant Kaplan is the President of Defendant Credit Pros, and personally runs, authorizes, and oversees the telephone marketing." *Id.* at ¶ 30. Upon information and belief, Defendant Kaplan reviews and approves all marketing by Defendant Credit Pros. *Id.* Defendants have been sued multiple times for violations of the TCPA. *Id.* Credit Pros and Defendant Kaplan were fully aware that the offending text messages violated multiple provisions of the TCPA yet they did nothing to stop the messages.

## ARGUMENT

### I. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009); *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013). "On a motion to dismiss, the court is required to 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Broadcom Corp. v. Qualcomm Inc.,* 501 F.3d 297, 306 (3d Cir. 2007). "A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' … It follows that 'a district court weighing a motion to dismiss asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Dobkin v. Enter. Fin. Grp., Inc.,* No. 2:14-CV-01989 WHW, 2014 WL 4354070, at *2–3 (D.N.J. Sept. 3, 2014); *Zemel v. CSC Holdings LLC*, No. CV 18-2340-BRM-DEA, 2018 WL 6242484, at *3–4 (D.N.J. Nov. 29, 2018) ("Plausibility" in [the context of *Twombly* and *Iqbal*] does not imply that the district court should decide whose version to believe, or which version is more likely than not. Indeed, the Court expressly distanced itself from the latter approach in *Iqbal*, 'the plausibility standard is not akin to a probability requirement.' As we understand it, the Court is saying instead that the plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself could these things have happened, not did they happen.'").

## II.     Plaintiff Sufficiently Pled Use of an ATDS

Contrary to Defendants' assertion, Plaintiff sufficiently plead that Defendants sent the text messages using an ATDS. As such, Plaintiff respectfully requests the Court deny Defendants' motion to dismiss on this ground.

"As a practical matter, no plaintiff will have personal knowledge of the defendant's telephone system at the pleadings stage. Only the defendant has that knowledge." *Atkinson v. Pro Custom Solar LCC*, No. SA-21-CV-178-OLG, 2021 WL 2669558, at *1 (W.D. Tex. June 16, 2021). The indicia of an ATDS with a text is different than with a call. Indicia of ATDS texts include no prior relationship between the parties, no consent, numerous text messages, and messages with similar or exact context time after time. *See*, *e.g.*, *Zemel v. CSC Holdings LLC*, No. CV 18-2340-BRM-DEA, 2018 WL 6242484, at *3–4 (D.N.J. Nov. 29, 2018) ("No single fact in particular must necessarily be present or absent to meet the sufficiency requirement for pleading the use of an ATDS in a TCPA claim; courts have considered the nature of the message, the length of the sending number, the number of messages, and the relationship between the parties."). To sufficiently plead that a defendant used an ATDS in a manner that violates the TCPA, "[c]ourts permit the allegation of an automatic system to be pled on information and belief, but require additional factual information, such as the absence of a relationship between the parties and the random nature of the automation device." *Norman v. Sito Mobile Sols.*, No. 17-2215, 2017 WL 1330199, at *3 (D.N.J. Apr. 6, 2017).

The Supreme Court's recent decision in *Facebook, Inc, v. Duguid,* 141 S.Ct.1163 (2021), miscited by Defendants, does not change the pleading standard relative to TCPA claims. In fact, courts post-*Facebook* have held that the issue of whether an ATDS was used is not ripe at the motion to dismiss stage. *See*, *e.g.*, *Gross v. Gg Homes*, o. 3:21-cv-00271-DMS-BGS, 2021 U.S.

4

Dist. LEXIS 127596 (S.D. Cal. July 8, 2021) ("The newly clarified definition of an ATDS is more relevant to a summary judgment motion than at the pleading stage…While additional factual details about Defendant's equipment might be helpful, they are not required at the pleadings stage."); *see also Montanez v. Future Vision Brain Bank, LLC*, No. 20-cv-02959-CMA-MEH, 2021 WL 1697928, at *7 (D. Colo. Apr. 29, 2021). "At this stage of the proceedings, particularly under notice pleading standards of Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires only a "short and plain statement of the claim," Plaintiff need not include additional details concerning the process by which Defendant's device stores and produces phone numbers. Plaintiff need not describe the technical details of Defendant's alleged ATDS at this stage. This issue is appropriately addressed following discovery and on a motion for summary judgment." *Id.*; *Atkinson v. Pro Custom Solar LCC*, No. SA-21-CV-178-OLG, 2021 WL 2669558, at *1 (W.D. Tex. June 16, 2021) ("As a practical matter, no plaintiff will have personal knowledge of the defendant's telephone system at the pleadings stage. Only the defendant has that knowledge. However, Plaintiff has pled enough facts to proceed with discovery, at which time she will have the opportunity to discover the precise technology that was used at the time of the alleged violation(s). If the technology does not meet the definition set forth in the statute, as construed by the Supreme Court in *Facebook, Inc. v. Duguid*, then Defendant may move for summary judgment on that basis."); *see also Miles v Medicredit, Inc*, No. 4:20-cv-01186-JAR, 2021 WL 2949565 (E.D. Mo. July 14, 2021) (finding the plaintiff had pled sufficient facts to support an ATDS claim and proceed with discovery; stating, "Upon consideration, the Court agrees with Plaintiff that the 'newly clarified definition of an ATDS is more relevant to a summary judgment motion than at the pleading stage" because "[a]t this stage,

the Court cannot determine whether Medicredit's dialer stores and/or produces telephone numbers using a random or sequential number generator.").

 Here, Plaintiff's allegation that Defendants sent the offending text messages using an ATDS is supported by multiple factual allegations. *See* D.E. 1, ¶ 27. Specifically, Plaintiff alleges that: (1) he has no relationship with Credit Pros; (2) the text messages were directed to the wrong person; (3) the text messages were sent from **56** different telephone numbers to avoid the numbers being blocked and to make it impossible for Mr. Champion to block the messages; (4) substantively identical text messages were sent to Champion multiple times; (5) multiple people have reported getting unsolicited calls from Credit Pros; (6) Credit Pros uses ATDS hardware or software to send text messages; (7) the hardware and/or software has the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator, and/or to send text messages to numbers from pre-loaded lists; (8) Credit Pros uses the autodialing system Five9 which provides users with ATDS features; (9) Credit Pros has been sued numerous times for sending telemarketing messages using an ATDS; and (10) numerous consumers have posted online complaints regarding receiving unwanted text messages from Credit Pros. *Id.*; *see also Hancock v. Credit Pros Int'l Corp.*, No. 2:20-cv-02826-SRC-CLW, 2021 WL 2948154, *6 (D.N.J. July 13, 2021) (citing to a certification executed by Defendant Kaplan stating "Ringba provides a call tracking platform for incoming calls to Credit Pros; Five9 provides Credit Pros with its phone system; and Drips is a computer software program that allows Credit Pros to make outgoing marketing calls").  At the motion to dismiss stage, the issue presented is whether Plaintiff has plausibly alleged that Defendants' dialer is an ATDS. The facts alleged in Plaintiff's complaint, which must be taken as true, are more than sufficient to satisfy the plausibility standard.

Defendants reliance on the case *Trumper v. G.E. Capital Retail Bank,* 79 F. Supp. 3d 511 (D.N.J. 2014) is misplaced. The amended complaint at issue in *Trumper* contained none of the factual allegations made by Plaintiff in this case. As one court in this District held, "[t]he *Trumper* Court relied heavily on other deficiencies in the plaintiff's amended complaint to dismiss the case…. Here, conversely, Plaintiffs have made sufficient factual allegations, taken as true, to infer FMC used an ATDS." *Somogyi v. Freedom Mortg. Corp.,* No. CV 17-6546 (JBS/JS), 2018 WL 3656158, at *6 (D.N.J. Aug. 2, 2018); *see also Sieleman v. Freedom Mortg. Corp.,* No. CV 17-13110 (JBS/JS), 2018 WL 3656159, at *5–6 (D.N.J. Aug. 2, 2018) ("FMC also argues that Plaintiff has not properly pleaded the ATDS element for other reasons…. the Court finds that the Complaint provides more than enough factual information to support a reasonable inference that FMC used an ATDS to call Plaintiff and those similarly situated. In other words, Plaintiff's Complaint gives factual grounding to the conclusory statements of TCPA liability. … **A party who receives such calls could scarcely be required to plead more than this plausible basis for alleging that an ATDS launched the calls. The actual configuration of Defendant's calling apparatus can be explored in discovery.** … Plaintiff should thus have the opportunity to proceed and discover the facts about the FMC calling system to see whether it accorded with these allegations and ultimately violated the TCPA." (Emphasis added)).

Based on the foregoing, Plaintiff has alleged sufficient facts to plausibly allege that Defendants' dialer is an ATDS. Because Plaintiff has made sufficient allegations that the calls were made by an ATDS, and because the exact details of the precise technology that was used by Defendants can only be known by Plaintiff after discovery, Plaintiff respectfully requests the Court deny Defendants' motion to dismiss.

### III. Plaintiff Sufficiently Alleges Claims Against Mr. Kaplan

Plaintiff sufficiently alleges a claim against Mr. Kaplan for his role in personally running, authorizing, and overseeing Credit Pros telephone marketing. As such, Plaintiff respectfully requests the Court deny Defendants' motion to dismiss on this ground.

In the Third Circuit, "[a] corporation's officer 'may be personally liable under the [TCPA] if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved.'" *City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 162 (3d Cir. 2018). "In other words, a corporate officer can be personally if he 'actually committed the conduct that violated the TCPA, and/or [he] actively oversaw and directed this conduct.'" *Id.*

Here, Plaintiff clearly alleges that Mr. Kaplan had direct, personal participation in and personally authorized the conduct that violates the statute. *See* D.E. 1, ¶ 30. Specifically, Plaintiff alleges that Mr. Kaplan is the Founder and President of Credit Pros and personally runs, authorizes, and oversees the telephone marketing. *Id.* Plaintiff also alleges that Mr. Kaplan acts as Credit Pros Credit Pros Chief Compliance Officer and in that role reviews and approves all marketing by Credit Pros. *Id.* Further, Plaintiff alleges that Mr. Kaplan is specifically responsible for all Credit Pros compliance with state and federal laws and that Mr. Kaplan failed to ensure marketing efforts by Credit Pros complied with the TCPA despite receiving multiple lawsuits against Credit Pros alleging non-compliance. *Id.* Finally, Plaintiff alleges that Mr. Kaplan knows that Credit Pros' telemarketing is in violation of the TCPA yet continues to provide and/or approve the content of all marketing materials and text messages sent by Credit Pros or on its behalf. *Id.* at ¶ 11). Plaintiff's allegations, which must be taken as true at the pleadings stage,

establish that Mr. Kaplan was much more than "tangentially involved"[2] in the telemarketing conduct. These facts, accepted as true, more than establish, at the pleading stage, that Mr. Kaplan actually committed the conduct that violated the TCPA, and/or he actively oversaw and directed this conduct.

Based on the foregoing, Plaintiff sufficiently pled that Mr. Kaplan actually committed the conduct that violated the TCPA and/or that he actively oversaw and directed the conduct. As such, Plaintiff respectfully requests the Court deny Defendants' motion to dismiss on this ground.

### IV. Plaintiff Sufficiently Pled that Defendants' Actions were Willful and Knowing

Contrary to Defendants' arguments, Plaintiff sufficiently pleads that Defendants' violations of the TCPA were willful and knowing. As such, Plaintiff respectfully requests the Court deny Defendants' motion to dismiss Plaintiff's treble damages claims.

If a court finds that a defendant "willfully or knowingly" violated the TCPA, "[t]he court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under" the TCPA. 47 U.S.C. § 227(b)(3); 47 U.S.C. § 227(c)(5). "Although the Third Circuit has not yet addressed the 'willful or knowing' requirement, district courts within the Third Circuit have required more than a mere showing that the transmission of a [call] was itself intentional to warrant treble damages." *Robert W. Mauthe, M.D., P.C. v. MCMC LLC*, 387 F.Supp. 3d 551, 570 (E.D. Pa. 2019).

---

[2] Defendants' statements that Mr. Kaplan does not oversee day to day operations, set company policies or that he was not a central figure and/or the guiding force behind the TCPA violations, D.E. 6, p. 10-11, are contrary to Plaintiff's allegations in the Complaint and are inappropriate for a motion to dismiss.

This District's decision in *Zelma v. Penn LLC*, 2020 WL 278763, *6 (D.N.J. Jan. 17, 2020 is instructive on this point. In *Zelma*, the plaintiff alleged that "Defendants knowingly or willfully violated the TCPA … when they resorted to 'robo' call and solicit Plaintiff … and initiated their text messages to Plaintiff without prior express written consent to do so." *Id.* The plaintiff further alleged that the defendants' "[f]oregoing wrongful acts were knowingly made with false claims of a mis-dialed number." *Id.* Based on these allegations, the court found "[t]hat at [the motion to dismiss] stage, Plaintiff has sufficiently pled a knowing or willful violation of the TCPA." *Id.*

Here, Plaintiff's allegations go far beyond those that were found sufficient in *Zelma*. For example, Plaintiff alleges that "to generate and monetize leads to obtain clients, Credit Pros engages in unsolicited telemarketing, including sending unsolicited marketing text messages without obtaining prior express written consent to send the autodialed, telemarketing text messages. D.E., ¶¶ 9, 12. Plaintiff further alleges that "Credit Pros sends telemarketing text messages to consumers who are registered on the National Do Not Call Registry ('DNCR')" and that Credit Pros sent **56** text messages to Plaintiff, without his consent, despite the fact that his telephone number was registered on the DNCR. *Id.* ¶¶ 13-15, 25. Plaintiff further alleges that Credit Pros is a prolific violator of the TCPA, having been sued multiple times for violations of the TCPA yet continuing to send illegal text messages. *Id.*, ¶ 10. Plaintiff's allegations, which must be taken as true, more than establish that Defendants willfully and knowingly violated the TCPA.

Based on the foregoing, Plaintiff has sufficiently pled a knowing and willful violation of the TCPA. As such, Plaintiff respectfully requests the Court deny Defendants' motion to dismiss Plaintiff's claims for treble damages.

### V.     Plaintiff Properly Pleads a Request for Injunctive Relief

Plaintiff has not moved for a preliminary injunction. Instead, Plaintiff seeks injunctive relief as a remedy to the Defendants' violations of the TCPA. Plaintiff has properly pled the requirements for injunctive relief under the TCPA. As such, Plaintiff respectfully requests the Court deny Defendants' motion to dismiss on this ground.

Pursuant to 47 U.S.C. § 227 "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State [an action for an injunction or money damages]." *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. CIV. 11-00011, 2012 WL 4903269, at *1 (D.N.J. Oct. 17, 2012); *Hicks v. Client Servs., Inc.*, No. 07-61822-CIV-DIMITRO, 2009 WL 2365637, at *6 (S.D. Fla. June 9, 2009).

Defendants' incorrectly argue that "[f]or a Plaintiff to be entitled to the remedy of a preliminary (or permanent injunction), the plaintiff must establish (1) a reasonable probability of eventual success in the litigation; (2) that the movant will be irreparably injured in the pendente lite if relief is not granted; (3) the possibility of harm to other interested persons from the grant or denial of the injunction; and (4) that, if issued, the injunction would not be adverse to the public interest." D.E. 6, p. 12. However, the case cited by Defendants in support of this argument, *Constructors Ass'n of W. Pa. v. Kreps*, 573 F.2d 811, 815 (3d Cir. 1978) involved an appeal from an order declining to issue a preliminary injunction. Therefore, while Defendants insert the words "(or permanent injunction)" into their argument, *Kreps* does not support their argument. *Wijesinha v. Bluegreen Vacations Unlimited, Inc.*, No. 19-20073-CIV, 2019 WL 3409487, at *8 (S.D. Fla. Apr. 3, 2019) ("Nor is it necessary that a pleading establish the four elements for injunctive relief — for example, whether the threatened injury to the movant outweighs

whatever damage the injunction may cause a defendant — as those would be the subject of a motion for injunctive relief and not a listed remedy included in a pleading.").

Here, Plaintiff alleges that Defendants have been sued for TCPA violations numerous times and yet continue to send illegal telemarketing text messages to consumers in violation of the TCPA. It is clear that statutory damages are insufficient to remedy Defendants' prolific, illegal conduct. As such, Plaintiff has sufficiently pled a claim for injunctive relief under the TCPA.

Based on the foregoing, the Motion to Dismiss the request for injunctive relief should be denied. Plaintiff seeks injunctive relief as a remedy to the Defendants' violations of the TCPA. Plaintiff has properly pled the requirements for injunctive relief under the TCPA. As such, Plaintiff respectfully requests the Court deny Defendants' motion to dismiss on this ground.

## CONCLUSION

The Defendants' motion to dismiss fails for multiple reasons. First, Plaintiff sufficiently pled that Defendants sent him unsolicited, telemarketing text messages using an ATDS in violation of the TCPA. Second, Plaintiff sufficiently alleges that Mr. Kaplan was intimately involved in sending the offending text messages. Specifically, Plaintiff alleges that Mr. Kaplan approves and directs text message campaigns for Credit Pros. Third, Plaintiff sufficiently pled facts showing that Credit Pros acted willfully and knowingly. Specifically, Plaintiff alleges that Credit Pros has been sued on multiple occasions for its prolific violations of the TCPA, but failed to stop sending illegal text messages. Finally, Defendants appear to confuse a preliminary injunction with injunctive relief. As such, their arguments regarding injunctive relief are invalid. Nonetheless, injunctive relief is permitted by the TCPA and, therefore, is properly pled. For all

the foregoing reasons, Plaintiff respectfully requests the Court deny Defendants' motion to dismiss.

Dated: August 2, 2021                                     Respectfully submitted,

                                                        By:   /s/ *Michael T. Madaio*
                                                        Michael T. Madaio, Esq.
                                                        **HABBA MADAIO & ASSOCIATES LLP**
                                                        *Counsel for Plaintiff Joshua Champion*