UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSHUA CHAMPION<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>THE CREDIT PROS INTERNATIONAL<br>CORPORATION, *et al*<br>　　　　　　　　　　　　Defendants. | Civil Action No. 21-10814 (JXN) (JBC)<br><br>OPINION |

**NEALS**, District Judge:

This matter comes before the Court on the Motion to Dismiss [ECF No. 6] filed by Defendants the Credit Pros International Corporation ("Credit Pros") and Jason Kaplan ("Mr. Kaplan") (collectively, the "Defendants"), to which Plaintiff Joshua Champion ("Plaintiff") filed opposition [ECF No. 7]. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this action arises under the Telephone Consumer Protection Act ("TCPA") which is a federal statute. Venue is proper pursuant to 28 U.S.C. § 1391 because a significant portion of the facts giving rise to this lawsuit occurred in this District. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, Defendants' Motion to Dismiss [ECF No. 6] is **GRANTED**.

I.   **FACTUAL BACKGROUND**

Plaintiff initiated this civil action against Defendants, alleging that Defendants violated the TCPA "by sending unsolicited, autodialed text messages to consumers, including consumers whose phone numbers are registered on the National Do Not Call Registry [(DNCR)]." Compl.,

1

ECF No. 1 at 1.[1]  Plaintiff alleges that Credit Pros knowingly and/or willfully sent him 56 text messages containing advertisements, which were authorized and approved by Mr. Kaplan, while his phone number was registered on the DNCR.  *Id.* ¶¶ 11, 15.  One of those messages stated, "Adam begin 2021 with a credit improvement journey 3044037938 chat with our team now[.]"  *Id.* ¶ 17.  According to Plaintiff, the text messages were sent without his consent, using an Automatic Telephone Dialing system ("ATDS").  *Id.* ¶¶ 15, 27.  Plaintiff alleges that the following facts indicate that the messages were sent using an ATDS:

- a) the text messages were directed to the wrong person;
- b) the text messages were sent from 56 different telephone numbers to avoid the numbers being blocked and to make it impossible for Mr. Champion to block the messages;
- c) substantively identical text messages were sent to Champion multiple times;
- d) multiple people have reported getting unsolicited calls from Credit Pros;
- e) Defendant Credit Pros uses ATDS hardware or software to send text messages. The hardware and/or software has the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator, and/or to send text messages to numbers from pre-loaded lists;
- f) Defendant Credit Pros uses the autodialing system Five9. Five9 provides users with predictive autodialer feature that features automated dialing services and a predictive mathematical algorithm to increase agent efficiency.
- g) Defendant Credit Pros has been sued numerous times for sending telemarketing messages using an ATDS; and
- h) Numerous consumers have posted online complaints regarding receiving unwanted text messages from Defendant Credit Pros.

*Id.* ¶ 27.

As a result, Plaintiff filed a two-count Complaint against Defendants.  Compl., ECF No.1.  Count 1 alleged a violation of the TCPA, 47 U.S.C. § 227(b).  Count 2 alleged a violation of the TCPA, 47 U.S.C. § 227(c).  Defendants moved to dismiss the Complaint pursuant to Fed. R. Civ.

---

[1] For the sake of clarity, unless otherwise noted, all references to page numbers correspond to the page numbers generated by the ECF system.

P. 12(b)(6).  *See* ECF No. 6.  Plaintiff opposes the motion.  ECF No. 7.  The matter is ripe for the Court to decide.

## II.  LEGAL STANDARD

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted).  In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all the facts in the complaint and draws all reasonable inferences in favor of the plaintiff.  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.*

While this standard places a considerable burden on the defendant seeking dismissal, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  That is, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*  Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  In order to determine whether a complaint is sufficient under these standards, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must assume the veracity

of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

**III.   DISCUSSION**

Defendants move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P 12(b)(6). Defendants submit three arguments in support of their motion to dismiss.  First, Defendants assert that Plaintiff's Complaint fails to adequately show that Defendants contacted Plaintiff with hardware or software that could qualify as an "Automatic Telephone Dialing System." ECF No. 6-1 at 5.  Next, Defendants argue that Plaintiff fails to state sufficient facts to establish that Mr. Kaplan had any personal or direct participation in sending these text messages to Plaintiff.  *Id.* Finally, Defendants argue that Plaintiff failed to allege sufficient facts to demonstrate that Defendants acted "willfully and knowingly" because "Plaintiff can only provide one specific example of an alleged text message that he allegedly received in the past twelve (12) months while he was alleged to be on the [DNCR]." *Id.* at 6.

**A.   Count 1 – Violation of 47 U.S.C. § 227(b)**

Defendants argue that Plaintiff fails to state a claim because the "Complaint fails to adequately allege that Credit Pros, or Mr. Kaplan, contacted Plaintiff using hardware and/or software that could qualify as an 'Automatic Telephone Dialing System' ('ATDS') . . . ." ECF No. 6-1 at 5.  Moreover, Defendants contend that the allegations in Plaintiff's Complaint do not "show that Credit Pros' and Mr. Kaplan's alleged hardware/software has the capacity to either store a telephone number using a random or sequential number generator or to produce a telephone number using a random or sequential number generator." *Id.* at 8.  Defendants point the Court to paragraph 27 of Plaintiff's Complaint, which provides that "[t]he hardware and/or software has the capacity to store or produce cellular telephone numbers to be called, using a random or

4

sequential number generator, and/or to send text messages to number from *pre-loaded lists*." ECF No. 6-1 at 8 (citing Compl. ¶ 27) (emphasis added). Defendants contend that sending text messages to numbers from a pre-loaded list is exactly the type of behavior the Supreme Court already determined does not violate the TCPA. *Id.* (citing *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167-69 (2021)). In opposition, Plaintiff maintains that Defendants violated the TCPA and that there are multiple allegations in the Complaint to support Plaintiff's claim that Defendants used an ATDS. ECF No. 7 at 10.

Congress enacted the TCPA "to protect individual consumers from receiving intrusive and unwanted calls." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013). The TCPA "makes it unlawful to use an automatic telephone dialing system ('ATDS') . . . without the prior express consent of the called party, to call . . . any cellular telephone[.]" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 373 (2012). "[A]utodialed calls—to both cellular phones and land-lines—are lawful so long as the recipient has granted permission to be called at the number which they have given, *absent instructions to the contrary*." *Gager*, 727 F.3d at 268 (citations omitted).

Pursuant to the statute, an ATDS means "equipment which has the capacity . . . (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Further, the TCPA creates a private cause of action by allowing a "person or entity" to bring a private right of action to enjoin violators of the TCPA and "recover for actual monetary loss from such a violation, to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3).

To state a claim under 47 U.S.C. § 227(b)(1)(a), a plaintiff must plausibly allege "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Viggiano v. Lakeshore Equip. Co.*, 2018 WL

11310868 at *5 (D.N.J. Jan. 11, 2018).  Defendants dispute whether Plaintiff properly pled requirements one and two against Mr. Kaplan and requirement two against Credit Pros.  Thus, the Court will address both issues.

>    i.    *Whether Mr. Kaplan Called a Cellular Number*

Defendants contend that Plaintiff's Complaint fails to plead sufficient facts showing that Mr. Kaplan had direct, personal participation in, or personally authorized the alleged text messages to Plaintiff.  ECF No. 6-1 at 10.  Moreover, Defendants contend that "Plaintiff does not allege factual support to indicate that Mr. Kaplan oversaw day-to-day operations (because he does not), set company policies (because he did not), or was a central figure and/or the guiding force behind the alleged TCPA violations (because he was not)." *Id.* at 10-11.

Under the TCPA, an individual may be personally liable pursuant to 47 U.S.C. § 217.  This section provides the "act, omission, or failure . . . of any officer . . . acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure . . . of such carrier or user as well as of that person."  47 U.S.C. § 217.  The Third Circuit has interpreted this to mean, "a corporate officer can be personally liable if he 'actually committed the conduct that violated the TCPA, and/or [he] actively oversaw and directed this conduct.'"  *City Select Auto Sales Inc. v. David Randall Assocs.*, 855 F.3d 154, 162 (3d Cir. 2018).  In other words, if the corporate officer has been found to be more than tangentially involved in the conduct which has found to be in violation of the TCPA and was involved in the sending of calls or texts, he may be held personally liable. *Id.*

Here, Plaintiff's alleges, among other things, that "Defendant Kaplan is the President of Defendant Credit Pros, and personally runs, authorizes, and oversees the telephone Marketing." Compl. ¶ 30. Plaintiff further alleges that Defendant Kaplan is the face of Credit Pros marketing

department and their Chief Compliance Officer and under these roles "he reviews and approves all marketing by Defendant Credit Pros." *Id.* Accepting the facts above as true, Mr. Kaplan appears to be more than "tangentially involved" in the telemarketing employed by Credit Pros. Therefore, Plaintiff has alleged sufficient facts to establish the first factor of a TCPA claim.

### ii.   *Whether Defendants used an Automatic Telephone Dialing System*

Defendants contend that "Plaintiff failed to plead facts showing that Credit Pros' and Mr. Kaplan's alleged hardware/software qualifies as an ATDS." ECF No. 6-1 at 8. Defendants further contend that sending text messages to numbers from pre-loaded list is exactly the type of behavior the Supreme Court already determined does not violate the TCPA. *Id.* (citing *Facebook*, 141 S. Ct. at 1167-69). In response, Plaintiff argues that his allegation that Defendants sent offending text messages using an ATDS is supported by multiple allegations contained within the Complaint. ECF No. 7 at 10.

It is well settled that allegations merely stating a defendant used an ATDS are insufficient to state a TCPA claim. *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014). A plaintiff must provide "at least some detail regarding the content of the messages or calls, thereby rendering the claim that an ATDS was used more plausible." *Todd v. Citibank*, No. 16-5204, 2017 WL 1502796, at *6 (D.N.J. Apr. 26, 2017). In *Trumper*, this Court dismissed the plaintiff's TCPA claim because plaintiff's amended complaint did not say anything about the calls plaintiff received nor did it provide any factual allegations suggesting that the voice on the end of the line was prerecorded. *Trumper*, 79 F. Supp. 3d at 513. The court also noted that "while the Amended Complaint takes the position that the calls were placed using an automatic telephone dialing system—a random number or sequential number generator—it appears that the calls were

7

directed at Enid Gonzales, who apparently has an account with GE." *Id.* As a result, the court concluded that it appeared that the calls were not random. *Id.*

In reviewing Plaintiff's Complaint, the Court finds that the Complaint has the same deficiencies as the amended complaint in *Trumper*. Here, Plaintiff alleges in conclusory fashion that:

> e) Defendant Credit Pros uses ATDS hardware or software to send text messages. The hardware and/or software has the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator, and/or to send text messages to numbers from pre-loaded lists;
> f) Credit Pros uses the autodialing system Five9. Five9 provides users with predictive autodialer feature that features automated dialing services and a predictive mathematical algorithm to increase agent efficiency[;]
> g) Defendant Credit Pros has been sued numerous times for sending telemarketing messages using an ATDS; and
> h) Numerous consumers have posted online complaints regarding receiving unwanted text messages from Credit Pros.

ECF No. 7 at 10 (citing Compl. ¶ 27, ECF No. 1). Plaintiff further alleges that he received the following message: "Adam begin 2021 with a credit improvement journey 3044037938 chat with our team now[.]" Compl. ¶ 17. These allegations are not sufficient to establish the second factor of a TCPA claim. Like the amended complaint in *Trumper*, Plaintiff's Complaint does not say anything about the messages he received, other than the messenger was looking for Adam. Although Plaintiff takes the position that the messages were sent using an ATDS, the message included in Plaintiff's Complaint appears to be directed to Adam, which suggests that the message was not random. Moreover, Plaintiff alleges that Defendants use software to send text messages to numbers from pre-loaded lists. The Supreme Court, however, has held that a notification system that neither stores nor produces numbers using a random or sequential number generator, is not an

8

ATDS.  *See Facebook*, 141 S. Ct. at 1169.  Thus, dismissal of Plaintiff's TCPA claim is warranted under these circumstances.  Accordingly, Plaintiff's TCPA claim is dismissed without prejudice.[2]

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [ECF No. 6] is **GRANTED**.  Plaintiff's Complaint is dismissed without prejudice.  An appropriate Order accompanies this Opinion.

DATED: August 5, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[2] Because the Court dismisses Plaintiff's TCPA claim, Count 2 of Plaintiff Complaint will also be dismissed without prejudice.  In Count 2, Plaintiff seeks damages for Defendants knowingly and/or willfully violating 47 U.S.C. § 227(c).